OBED PAINE, Overseer of the Poor of North Smithfield, appellant, *vs.* THE TOWN COUNCIL OF SMITHFIELD.

A pauper who has obtained no settlement of his own, *held* to follow and retain that of his father under the provisions of the statute.

APPEAL by the overseer of the poor of the town of North Smithfield from an order of the town council of Smithfield, directing the removal of one Daniel Hutchinson, a pauper, from said town to North Smithfield, on the ground that he had a legal settlement in the latter town. The facts of the case are stated in the opinion of the court.

*Aldrich*, for the appellant, contended that the pauper had gained no settlement in the town of North Smithfield, because, I. His estate in North Smithfield was not of the yearly income of twenty dollars for three years successively. To give the pauper a settlement, the income must be at least twenty dollars for each and every one of the three years. *Western* v. *Leicester*, 3 Pick. 198.

II. Admitting all that appellees claim to be true, and that the income was sufficient to give the pauper a settlement in what is now North Smithfield, the pauper gained no settlement there, because it is admitted by the appellees that said pauper once had a legal settlement on the territory now within the limits of Smithfield, and no claim is made that he gained any settlement elsewhere, except upon the territory which is now North Smithfield, and during all the years that he owned real estate, or resided on said territory now North Smithfield, that territory was in the town of Smithfield. The pauper could not lose his old or gain a new settlement by removing from one part of Smithfield to another part of the same town. *Dalton* v. *Hinsdale*, 6 Mass. 501; *New Braintree* v. *Boylston*, 24 Pick. 165; *Princeton* v. *West Boylston*, 15 Mass. 257.

*Browne*, for the appellees, cited Gen. Stat. chap. 64, § 1, article 5.

BRAYTON, C. J. The order of removal in this case is made by the town council of the town of Smithfield, upon an adjudication of said town council made on the second day of November, 1872, that Daniel Hutchinson, the person removed, was last

legally settled in the town of North Smithfield. From this order the town of North Smithfield have appealed, and say that the said Daniel was not last legally settled in said town. The burden of proof then is upon the town of Smithfield to satisfy us that he was so settled, and it is not necessary to inquire whether he had at any time a settlement in said Smithfield, otherwise than that it may show that he had his settlement elsewhere than in North Smithfield.

Down to March, 1871, the town of Smithfield comprehended the present town by that name and also the said town of North Smithfield, and another town called Lincoln. At the January session, 1871, of the general assembly, the town of Lincoln and the said town of North Smithfield were set off from the old town of Smithfield and incorporated by the names they now bear. The twenty-first section of the act setting off said town and dividing the town of Smithfield provided " that the town of North Smithfield shall be liable for the support of all persons who now do, or who shall hereafter stand in need of relief as paupers, whose settlement was gained by, or derived from a settlement within the limits of said town of North Smithfield, or described by the act."

Upon the hearing it was admitted that the said Daniel, the pauper, had before his emancipation a settlement in the present town of Smithfield, derived from his father, who was settled and resident in that part of the old town now bearing the name of Smithfield, and so not gained by, nor derived from any settlement in North Smithfield.

The statute of settlement provides that a child shall follow and have the settlement of his father until he shall acquire one of his own, and the derivative settlement shall then cease.

It was contended that the pauper did gain a new settlement of his own, and that he gained it in the town of North Smithfield, first, by owning real estate of the value of $200 over and above any incumbrance thereon, and being assessed for the same in the state and town taxes, and paying the same for five years in the said town of North Smithfield. This point was abandoned upon the proof which failed to show a residence in the town for so long as five years. Second, by having an estate of freehold within the present limits of said town of North Smithfield of the yearly in-

come of twenty dollars over and above the interest of any mortgage thereon, taking the rents and profits for three years successively, he dwelling there. The evidence upon this point failed to show a yearly income to that amount for the three years successively. The proof was, that the pauper purchased an estate, being woodland, in said North Smithfield, and soon after, and within a year, cut off the wood, for which he received a large sum above the income required, but from thenceforward no income whatever was derived from the estate. There being no proof that a settlement had been gained by the said Daniel, his former settlement derived from his father and from his settlement in said Smithfield, and not in North Smithfield, still remains, and he must be sent back to that town.

*The order of removal must be reversed, with costs for the appellant.*